In re George T. LENGYEL, Debtor.

Joan D. LENGYEL, Plaintiff,

v.

George T. LENGYEL, Defendant.

Bankruptcy No. 96–45468–H5–7.
Adv. No. 96–4662.

United States Bankruptcy Court,
S.D. Texas,
Houston Division.

April 2, 1997.

Peter Johnson, Houston, TX, for Plaintiff.

J. Mark Davis, Davis & Associates, Houston, TX, for Defendant.

## MEMORANDUM OPINION REGARDING COMPLAINT TO DETERMINE DISCHARGEABILITY OF A DEBT INCURRED IN COURSE OF DIVORCE

KAREN K. BROWN, Bankruptcy Judge.

Before the Court is Joan D. Lengyel's complaint for determination that liability incurred in the course of a divorce between plaintiff and George T. Lengyel is not discharged. This Court has jurisdiction of this matter pursuant to provisions of 11 U.S.C. § 105, 11 U.S.C. § 727, 11 U.S.C. § 523, 28 U.S.C. §§ 157 and 1334. This is a core proceeding.

### Facts

Debtor filed a petition for relief under chapter 7 of Title 11 of the United State Code on June 20, 1996. On June 5, 1996, a judgment was entered in the divorce proceeding of plaintiff and defendant, case no. D389737, styled *In re the marriage of Joan D. Lenqyel and George T. Lenqyel,* in the Superior Court of California, County of San Diego.

Pursuant to the divorce decree, debtor is required to pay certain obligations of the

community estate of the plaintiff and debtor and to further hold harmless the plaintiff from any obligation asserted against her by any holder of a liability assumed by debtor. Plaintiff contends that debtor has the means and the ability to perform the obligations that he has been ordered to perform under the divorce decree. Plaintiff contends that if debtor's obligations were discharged the detrimental hardship to plaintiff would outweigh the benefit to debtor under 11 U.S.C. § 523(a)(15). Further plaintiff contends that debtor's obligations under the divorce decree are in the nature of support and are not subject to discharge under 11 U.S.C. § 523(a)(5). Plaintiff also seeks attorneys fees and cost of court pursuant to California Family Code § 2030.

■ The filing of the complaint in this adversary proceeding sets up a rebuttable presumption that obligations under the divorce decree are nondischargeable. "Once the former spouse brings a timely dischargeability action under § 523(a)(15), the burden shifts to the debtor." *In re Gamble*, 196 B.R. 54, 57 (Bankr.N.D.Tex.1996).

Debtor agrees that the following obligations under the divorce decree are obligations to a former spouse or child of the debtor for alimony, maintenance or support and are therefore not dischargeable under 11 U.S.C. § 523(a)(5):

| | |
|---|---|
| health insurance for minor child | |
| child support (Jeffrey) | $940/month |
| spousal support | 400/month |
| Joan Lengyel's attorney fees | 100/month |

Debtor contends that the following obligations under the divorce decree are obligations that do not constitute alimony, maintenance or support owed the former spouse or child of the debtor, incurred in the course of a divorce decree of a state court of record:

| | |
|---|---|
| Chase Gold Visa | $7382 |
| Chase Advantage Credit | 6371 |
| Optima | 2897 |
| American Express reserve | 848 |
| Choice Visa | 5263 |
| First Bank Credit Line | 4723 |
| Security Visa | 6384 |
| Chemical Bank | 8494 |
| First Interstate Credit Line | 2706 |
| Sallie Mae | 6469 |
| IRS 1992 tax | |

The IRS 1992 tax obligation has been paid when the IRS offset the amount due from later year's refunds. Debtor agrees that the debt for the student loan to Sallie Mae is nondischargeable under 11 U.S.C. § 523(a)(8). What remains are credit card debts and unsecured bank loans. The Court finds that these debts are not in the nature of support for plaintiff or debtor's child.

■ At issue then is whether these nonsupport obligations under the divorce decree are dischargeable under 11 U.S.C. § 523(a)(15). Bankruptcy Code § 523(a)(15) states:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt-

(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a government until unless—

(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or

(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;.

The remaining credit card and bank loan debts aggregate $45,068, carry annual interest rates ranging from 16.15 to 19.55 percent, and require minimum payments that total $977. Debtor is current on his support obligations under the divorce decree.

The divorce decree awarded the parties' home at 10035 Tree Haven Court, San Diego, California 92131, to George Lengyel as his separate property. The residence is subject to foreclosure by Norwest Bank Minnesota,

N.A., and Homecomings Financial Network, the holders of the first and second lien interests respectively. Depending upon the foreclosure bid, George Lengyel will be exposed to capital gains tax in an amount up to $44,800.

George Lengyel's current net income after taxes and other deductions is $4,709, less than the current expenses of $4,989. His income is subject to fluctuation because it includes a large percentage of overtime, the future availability of which is not within his control. His present wife receives $400 per month in child support, the majority of which is actually expended on the child for orthodontia and school expenses; the balance is paid on their household expenses. The amounts of the expenses to maintain and support George Lengyel and his dependents are reasonable and necessary for that purpose.

Joan Lengyel's present income of $2,840 includes $1,340 spousal and child support paid monthly by George Lengyel. Joan Lengyel has monthly expenses of $3,370 for the maintenance and support of her and her minor child. She thus incurs approximately $560 more in expenses than income, approximately the amount she owes as the minimum payment on her unsecured debt.

The Court finds that George Lengyel does not have the ability to pay the remaining credit card and bank loans. The Court finds that the benefit to George Lengyel of the discharge of the remaining credit card debt and bank loans outweighs any detriment to Joan Lengyel. The Court finds that Joan Lengyel is entitled to $1,000.00 reasonable and necessary attorney fees in pursuing this adversary proceeding.

Based on the foregoing, it is

**ORDERED** that the following obligations of George Lengyel under the divorce decree are obligations to a former spouse or child of the debtor for alimony, maintenance or support under 11 U.S.C. § 523(a)(5) and are not discharged:

| | |
|---|---|
| health insurance for minor child | |
| child support (Jeffrey) | $940/month |
| spousal support | 400/month |
| Joan Lengyel's attorney fees | 100/month |

it is further

**ORDERED** that the following obligations of George Lengyel under the divorce decree

are obligations that do not constitute alimony, maintenance or support owed the former spouse or child of the debtor, incurred in the course of a divorce decree of a state court of record and are discharged under 11 U.S.C. § 523(a)(15):

| | |
|---|---|
| Chase Gold Visa | $7382 |
| Chase Advantage Credit | 6371 |
| Optima | 2897 |
| American Express reserve | 848 |
| Choice Visa | 5263 |
| First Bank Credit Line | 4723 |
| Security Visa | 6384 |
| Chemical Bank | 8494 |
| First Interstate Credit Line | 2706 |

it is further

**ORDERED** that the following obligations have either been paid or are not dischargeable:

| | |
|---|---|
| Sallie Mae | $6469 |
| IRS 1992 tax | |

it is further

**ORDERED** that Joan Lengyel is **GRANTED** $1,000.00 in attorneys fees for pursuing this matter.